What are the damages that your client suffered that are separate from and individualized from the corporation? Well, clearly, he indicates in the complaint emotional distress and ruin to his reputation in terms of statements made to him and about him, specifically statements made to him concerning his race. And so the emotional distress is the component of that, as well as really the defamatory kinds of statements. Those are obviously separate from the corporation. If the corporation had more stockholders, for example, if I were a stockholder, if I were a white stockholder in that corporation, the statement made to Mr. McDonald would not have the same impact on me that it had on him, would not have the same impact on my reputation as it would on his reputation. So the question really is, and one that the district court never addressed, which is, was there any individualized harm or damage under the standard that you mentioned from Gomez or from every other case? Well, what about from the language of the statute itself? The language of the statute seems to be in terms of contracts. Correct. And the individual didn't contract. The corporation contracted here. That is correct. There is case law that suggests that, number one, as in Rosales and Great American Tool, that when you have a corporation where the identities have merged, then there can be individual as well as corporate action within this circuit. Gomez, again, says that when there are individualized damages alleged that are not simply derivative from the corporation, then there can be an individual claim that is separate. Again, the district court did not address that, seemed to imply that no such rule exists. Even the Guides case from the Tenth Circuit, which is the case that the district court relied on, says as much in explicit language that a stockholder cannot claim damages simply from the damage to the corporation unless he or she can show individualized harm. Here there is clearly individualized harm, emotional distress claim because of that discrimination. It's, again, something that the district court, for whatever reason, did not address. The defendants, in their argument ---- So are you asking for a remand for an evidentiary hearing, then, or for a reversal ---- Well, a reversal or dismiss for failure to state a claim that would have to be remanded back because there are all sorts of factual issues that are required, such as the claims of emotional distress, the claims of discrimination. All of those are factual matters. Clearly, we're not asking this Court to rule on the merits of the factual matters because they never got before the Court. This is notice pleading, and all we really have is ---- We're on 12b-6 here. It was 12b-6, exactly. And that's the whole point, that it was inappropriate under 12b-6 because there are those factual questions. The only way that 12b-6 would be appropriate if there could be no set of facts that could be presented to the Court that would allow Mr. McDonald to prevail, and the only way that could happen is if the rule that says you can have individualized damages didn't exist. It exists not only in this circuit, but even under the cases cited by the district court. With some of the cases that are relevant, such as Gomez and R.K. Ventures, their 1983 cases, although Gomez is 1981, but the Title VII cases, somehow the suggestion has been made that in 1981 the standing requirements are really somehow different. But they're really not different. For First Amendment cases, there may be some instances where there are certain relaxed standing requirements, but this isn't ---- none of these cases involve overbreath analysis or whatever. The question is, does the party have a specific individualized damage that can be redressed by the Court? What do you think happened here in front of Judge Hicks? He doesn't cite Gomez. Was it argued? Was Gomez argued to? I was not the attorney at that particular time, so I can only judge from the record, which is the same record that you have. Gomez doesn't appear to be very much in the record. So, you know, that may be possible. But even ---- A 20-year-old case, that's what I find surprising. Even without Gomez, even with the cases cited by the district court, even the Tenth Circuit case ---- Right. It says that very clearly. So why the district court judge refused to look at that particular standard and address that particular issue is one that I really can't comment on because it's a bit of a surprise to me. But it seems very clear here that that is an analysis that needs to be made in order for any kind of order to dismiss. It should have been issued. However, it wasn't, so here we are arguing at this particular point. If there are no other questions, I'd like to reserve the rest of my time. If you say so, counsel, that's fine. We'll hear from the other side. Good morning, Your Honor, and may it please the Court. My name is Dan Pulsenberg, and I represent the Dominoes-related defendants. Let's look at what Judge Hicks did. And before plaintiffs critique him, let's look at what plaintiff argued in the district court. Well, what's the law? Why don't we get clear on that? In the Ninth Circuit, doesn't Gomez say that an individual can have standing under Section 1981 so long as he pleads individualized harm to himself separate and apart from the corporation? Gomez seems to do that, but in a slightly different context. Remember, for standing, we have to, besides the constitutional requirement of an actual injury, you have to make sure the plaintiff is asserting his own rights, which I think goes to that test, the general rule we're talking about. Was Gomez brought to the attention of Judge Hicks? I just looked through, and no, plaintiffs did not. The excerpts of record don't have the motion, but plaintiffs did not cite Gomez. In fact, what plaintiffs argued was, under Arlington Heights, the 1977 U.S. Supreme Court decision, that a corporation does not have an ethnic identity, so the corporation could not bring the 1981 action. Only the individual could bring the 1981 action. Okay, but we have Gomez, so you're going to have to face squarely, why shouldn't Gomez control this case? Gomez shouldn't control the case, because the third requirement, the third prudential limitation on standing, is that the complaint has to go to the zone of interests protected by the statute. And 1980, although Gomez stated a 1981 action, it was also a Title VII action, so we were looking there only at employment. And there they said that Dr. Gomez had emotional distress, because he was denied employment as the head of the emergency room. And that was his individual claim, that he had an employment there, and the court said that the employment claim, the connection doesn't have to be direct. Here, there is only a 1981 action. It is only being brought because of the contract between JWM and Domino's. We don't have that same type of situation. If he is claiming, if Mr. McDonald is claiming that he has emotional distress, it is just like in the Guides case in the Tenth Circuit, the emotional distress arising out of the financial loss to the corporation. In his complaint, he even says that, that the emotional distress was a result of the bankruptcy, and he adds in the defamation. Now, the defamation is not, the only cause of action pled here was a 1981 action, so the defamation doesn't fall into our analysis. If we look at the statute at issue, it's 1981. We're looking at contract claims. The only 1981 case cited by any of the parties is Gomez, but that's an employment contract. Here, the court said in that case, this court said that there was the employment claim that Dr. Gomez had. All the other cases in the First Circuit have been clear on this. You're looking at different, when you're looking at a 1981 case, you're looking at something different from a 1983 case. You're looking at, in a 1983 case, broad claims of constitutional rights with state actors. A 1981 claim is much more narrow, so we have to look at the contract. Here, the contract was just between Domino's. The first one was to enforce, I think, the 13th Amendment, correct? I would say yes. Right. So, and the idea was, when that amendment was passed, was not to protect corporations. It was protect the right of blacks to enter into contracts. So you're suggesting that because in this case there's a corporate entity involved, that isolates Mr. McDonald from any individualized harm, simply because he's operating and contracting through a corporate entity? A 1981 case, yes, it would. If he had, unless his emotional distress were related to some individual claim. In the Sutter case, the California court was dealing with a situation where not only was there, that was a fraud case, though, not a 1981 case. Isn't his theory that in the, assuming as we have to, that this was a racially motivated breach of contract by Domino's, because they didn't want to deal with blacks, that in the course of that, that while the corporate entity might suffer its economic damages, there would be collateral damage to him because it would impair his reputation and ability as a black businessman operating as a corporate entity to engage in business activities? You don't think he could allege a 1981 claim under that theory? No, he could not. Those claims are all derivative of his corporation. He was doing business. What's your authority for that? The Guides case from the Tenth Circuit. That case was a black business, and it said that the emotional distress that the plaintiff experienced was all derivative of her corporation's claims. And, in fact, there the district court had issued, remitted her and reduced the damages because the jury considered her claim in addition to the corporation's claims. The Guides case, I think, is directly on point. The Gomez case is not because it looks at a different type of contract, although seemingly in the 1981 context, it is really in the Title VII context. So your position is that Gomez and Guides are not inconsistent with each other? They are not inconsistent, and I don't think any of the major cases cited by the parties are inconsistent. If you consider the prudential limits that courts use, you look at the zone of interest intended to be protected by the statute. Here, in 1981 action, you look at a contract. You look at this contract. This contract was different from the type of contract involved in Gomez. That provided for employment of the individual plaintiff. Here it does not. Guides is directly on point. And if we look at the general rule, if we take the second point of standing, is you only have to assert your own rights. He isn't, and I would have to, Judge Fischer, disagree with you that he's got his own claims because his claims here are admittedly derivative, are as a result of the bankruptcy. Now, he could have brought an additional state law claims to address the issues that you're talking about if he's been defamed, if there's been intentional infliction of emotional stress. There are claims that could handle that, but it's not a 1981 action. Notwithstanding, Gomez said that those kinds of claims did lie under 1981. That was because of the type of contract involved there. The type of 1981 is superfluous in that case. I think it was. I'm not sure whether that was the best choice of words in our brief, but there are a number of cases that say if you have an employment contract, 1981 actions would apply as well because it's a contract. And do you distinguish RK Ventures because it's a 1983 action? I do. And there you pointed out that the individuals had First Amendment and Fourteenth Amendment rights that were violated by the city in that case. The First Amendment right, I think, is the most obvious. And you also point out in that decision that they had state law claims for infliction of emotional distress. So they had standing on a number of issues. Thank you, Your Honor. Thank you, counsel. Mr. Lichtenstein, you have some reserved time. Thank you. Just to clarify a few matters, if you look at the guides case on page 1071, which sets forth the causes of action, there was no cause of action for emotional distress. That wasn't pled there, and it wasn't an issue. The guides case, again, I want to point out, did mention that there are occasions for individual claims for individual damages. The damages here were not simply derivative of the corporation. The statements made to Mr. McDonald about not wanting to deal with you people or whatever wasn't about the corporation. It was about being a black man, very clearly. Beyond that, in terms of Gomez, Gomez was an important issue. How do you respond to the point that opposing counsel makes that Gomez really was more of a Title VII case rather than a 1981 case? Well, it was both. And most of the discussion was about the standing and protection of Title VII, and at the end the Court said we don't need to go through the same analysis again because it's the same in this particular instance as Title VII. And if I could read from Gomez, it says, essentially it would contravene Congress's intent in Title VII to remit a covered employer to exploit circumstances peculiarly affording it the capability of discriminatorily interfering with an individual's employment opportunities with another employment while it could not do so with respect to employment in its own service. Plaintiff is entitled to have his Title VII claims tried on the merits. The same is true for the plaintiff's claims under Section 1981. The same logic applies in both instances. It is not a circumstance where the Court said you're not troubled by the fact that the language in Title VII and the language in 1981 are quite different. No, because they're not, nor is the language in 1983 the same as 1981, even though there are similarities and overlaps. Otherwise, it would, in fact, be superfluous. They're not. There are certain circumstances, for example, in Title VII cases where there would not be standing, where there would be in 1981. What about your opposing counsel's comment that there are State remedies which you could have or maybe still can invoke? Well, that's not – that doesn't preclude the Federal remedy under Section 1981. Whether or not there might be some other remedies doesn't say you can't come to Federal court. If it was, then it would pretty much eviscerate 1981 and 1983 and a whole bunch of other Federal statutes. The other thing that the opposing counsel mentioned, which was that under 1983 we're talking about, excuse me, First Amendment rights constitutionally protected. As Judge Fischer just pointed out, the Thirteenth Amendment is what lies at the heart of Section 1981, so we're still talking about constitutionally protected rights, in this case the right not to be discriminated against within this particular context. I believe my time is up, so if there are no further questions, thank you. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision, and we will proceed to have argument in Rincon-Perez versus the City of Sparks. And while I'm at it, Judge Hawkins, are you still with us? Still with us. Very good. The last case was very well argued. Thank you.
judges: O'scannlain, Hawkins, Fisher